RICHARDS & HIRSCHFELD, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51512. Promulgated December 24, 1931.

*Bern Budd, Esq.*, and *Kenneth C. Quencer, Esq.*, for the petitioner.
*J. A. Lyons, Esq.*, and *H. B. Hunt, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the determination of the petitioner's liability as transferee of the assets of the Contractors Machinery & Export Company (hereinafter referred to as the Contractors Company) for income and profits tax in the amount of $5,177.08 due from the Contractors Company for the year 1920. In the statement attached to the respondent's notice of the proposed assessment against the petitioner is the following explanation:

The records of this office indicate that the Contractors Machinery and Export Company was dissolved and the assets transferred to you on or about December 31, 1920.

For a proper disposition of the instant proceeding parties have submitted the following stipulation:

1. The evidence of record in the appeal of Richards & Hirschfeld, Inc., Docket #21715 shall be taken and accepted as the evidence of record in this case to the same extent and with the same effect as though it were introduced originally in the hearing of this appeal.

2. (a) It is further stipulated and agreed that, by the terms of an instrument executed January 24, 1921, the petitioner acquired all of the assets of the Contractors Machinery & Export Co., subject to the liabilities, as they existed at the close of business on December 31, 1920.

(b) The net assets had a value in excess of the proposed deficiency and interest.

(c) The consideration for said transfer was 370 shares of the capital stock of petitioner which were issued to the Contractors Machinery & Export Co. on January 25, 1921.

(d) On July 1, 1921, the capital stock of the Contractors Machinery & Export Co. owned by M. Aviles, was acquired in equal portions by Harry Hirschfeld and Chas. H. Richards.

(e) On January 5, 1922, the said 370 shares of the capital stock of petitioner were distributed by Contractors Machinery & Export Co. in equal proportions to Lillie Hirschfeld and Claire B. Richards and the entire capital stock, of 230 shares, of the Contractors Machinery & Export Co. being then owned by Harry Hirschfeld and Chas. H. Richards was surrendered to the company.

(f) The Contractors Machinery & Export Co. was declared dissolved and its charter forfeited by a proclamation of the Secretary of the State of New York dated December 16, 1929.

The 370 shares of the petitioner's capital stock, constituting the entire consideration for the assets of the Contractors Company acquired by it, were issued to and held by the Contractors Company until January 5, 1922, when the said shares were distributed to Lillie S. Hirschfeld and Claire B. Richards, at which time the capital stock of the Contractors Company, theretofore held by the husbands of the distributees, was surrendered to and canceled by the Contractors Company.

Section 280 of the Revenue Act of 1926 provides in part as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

The petitioner contends that it is not liable for the taxes of the Contractors Company under the decision of the Board in *Metropolitan Securities Corporation*, 19 B. T. A. 299. In that case the Metropolitan Securities Corporation had acquired the assets of the Union Finance Company subject to known liabilities in consideration for 5,886 shares of its preferred stock, which were later distributed by the Union Finance Company to its stockholders. We held that the Metropolitan Securities Company was not liable for the taxes due from the Union Finance Company for the years 1921 and 1922 under section 280 of the Revenue Act of 1926. In the course of our opinion we said:

* * * The taxes involved in this proceeding were not determined or proposed for assessment until subsequent to that date [January 4, 1923] and did not constitute any part of the known liabilities of the Union Finance Co. which the Metropolitan Securities Co. expressly agreed to assume. * * *

The situation in the instant proceeding is different. Here the parties have stipulated that:

* * * by the terms of an instrument executed January 24, 1921, the petitioner acquired all of the assets of the Contractors Machinery & Export Co., subject to the liabilities, as they existed at the close of business on December 31, 1920.

Clearly, one of the liabilities of the Contractors Company at December 31, 1920, was its liability for income and profits taxes which

accrued upon its income for the year 1920.  *United States* v. *Anderson et al.*, 269 U. S. 422.

In *Reid Ice Cream Corporation*, 24 B. T. A. 823, we stated:

\* \* \* we do not agree with petitioner's contention that a liability assumed by contract in acquisition of assets is not a liability as transferee in contemplation of section 280 of the Revenue Act of 1926. We can see no distinction in so far as the liabilities contemplated by that section are concerned, between one attaching to transferred property by reason of the circumstances of the transfer and one attaching by reason of specific agreement as a condition of such transfer. In fact, if petitioner has agreed to pay the income tax for 1925 as one of the considerations for the transfer of the taxpayer's assets, it has not paid the full consideration until it satisfies such obligation and may not, until such condition is met, claim immunity from liability as a purchaser for value.

Inasmuch as the stipulation shows that the net assets received by the petitioner from the Contractors Company had a value in excess of the proposed deficiency and interest, and that those assets were acquired subject to existing liabilities, we hold that the petitioner is liable as a transferee for the income and profits tax due from the Contractors Company for the calendar year 1920. The tax liability of the Contractors Company is subject to adjustment under the opinion of the Board in the correlated proceeding in Docket No. 21715.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN, TRAMMELL, and LOVE concur in the result.